# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-08-CR-194 LY |
| | § | |
| ERIN McCLESKEY | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Court conducted a hearing on October 21, 2009, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

### I. PROCEDURAL BACKGROUND

On January 9, 2004, the Defendant was sentenced by Judge Martinez of the El Paso Division, to 51 months of imprisonment and three years of supervised release for importation of 50 kilograms or more of marijuana, in violation of 21 U.S.C. § 952(a). The Defendant's supervision commenced on May 15, 2008. Jurisdiction over the Defendant's case was transferred to the Austin Division on June 7, 2008, and the case was assigned to Judge Yeakel. The Defendant was before the court for a revocation hearing on June 10, 2009, and the details of her case up to that point are set in the undersigned's Report and Recommendation dated June 10, 2009 (Clerk's Doc. No. 16). As a result

of that hearing, the Defendant's term of supervision was revoked, and she was sentenced to 30 days of imprisonment, followed by 20 months of supervised release, with a requirement that she participate in inpatient substance abuse treatment. *See* Clerk's Doc. No. 18.

After approximately 30 days at the substance abuse treatment facility (Alpha House), the Defendant was discharged, after a box delivered to her by her father was inventoried and a bottle of urine was found. After discussions between the probation office, the Alpha House counselors, the Defendant, and her father, the Alpha House agreed to take the Defendant back, as it appeared likely that the stored urine was not intended to be delivered by the Defendant's father, or used by the Defendant, but rather was a "left over" relic of the Defendant's attempts to avoid detection for drug use in the first half of 2009. Thus, on September 2, 2009, the Defendant was readmitted to Alpha House. On September 19, 2009, the Defendant was again discharged from the facility as a result of her being unaccountable for a significant period of time on September 18, 2009. The Defendant admitted that she had associated with a felon that day, when she requested his assistance with her car that had been towed. Then, at the Probation Office's direction, she provided a urine sample on September 21, 2009, which tested positive for amphetamines and/or methamphetamine. Another specimen submitted on October 2, 2009, was unable to be tested because it had an abnormal creatinine level. On October 6, 2009, the Probation Office submitted a petition alleging the Defendant had violated the conditions of her supervision, and a warrant was issued by the undersigned on October 8, 2009. The Defendant surrendered on the warrant on October 14, 2009.

On October 21, 2009, the Defendant and her attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and her attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C.

Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against her.

## II.  FINDINGS OF THE COURT

1.      The Defendant was competent to stand trial on the charges against her, and had both a factual as well as a rational understanding of the proceedings against her.

2.      The Defendant does not suffer from any physical or mental impairment that would affect her ability to fully understand the charge against her or the consequences of her plea.

3.      The Defendant received a copy of the Petition naming her, and she read it.

4.      The Defendant understood the Petition and the charges against her and had the opportunity to discuss the Petition and charges with her attorney.

5.      The Defendant waived her preliminary hearing.

6.      The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7.      The Defendant understood that she had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8.      The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

9.      The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10.     The Defendant understood all of her statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of her supervised release by: (1) using a controlled substance; (2) associating with a felon; and (3) failing to complete substance abuse treatment as a result of being discharged from the Alpha House.

### III. RECOMMENDATIONS

In making its recommendation, the Court has considered the full history of the Defendant's course on supervision, as well as her performance in the last several months of her incarceration. That review indicates that the Defendant participated in, and completed, the 500 hour intensive drug treatment program in the B.O.P. She was then released from custody in July 2006, into a halfway house. Within three months, she was remanded back to the B.O.P., because she tested positive for the use of methamphetamine. Then, in May 2007, while still in custody, she was sanctioned by the B.O.P. because she had used drugs in custody. She was again released to a halfway house in September 2007, but was remanded back to B.O.P. two months later because she absconded to go live with a girlfriend (who is a convicted felon). After several more months in B.O.P. custody, she was released to supervision in May 2008. By October of 2008, she was submitting urine samples that showed signs of tampering, and she ultimately admitted to use of cocaine, demonstrated further by positive UAs in February and April 2009. She stated that she was tempted to use cocaine when she drank alcohol, so she was ordered to refrain from drinking, and to permit the installation of a remote alcohol monitoring device at her residence. She then failed to be present for the scheduled installation, and tested positive for use of cocaine again. These events led to the Defendant's earlier revocation, and her order to participate in inpatient substance abuse treatment. The events from that point to the present are detailed above. In short, the Defendant has been given a handful of second chances, and is still not taking advantage of them. And while it appears that the Defendant is making

some progress toward her addiction problem, she continues to violate her supervised release conditions, for which there must be a sanction.

ACCORDINGLY, the Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is II, resulting in an (advisory) guideline range of 4 to 10 months of imprisonment. Having considered all of the above, this Court RECOMMENDS that the Defendant be sentenced to 9 months of imprisonment, with no supervised release to follow.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained within this Report within ten (10) days after being served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the district court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106

S.Ct. 466, 472-74 (1985); *Douglas v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 21st day of October, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE